**United States Bankruptcy Court**
**Northern District of Georgia - Gainesville Division**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| | : | |
| Peter Martin, Jr. | : | **CASE NO:** 08-22290 |
| | : | |
| **Debtors** | : | |

**THIRD AMENDED  CHAPTER 13 PLAN**

____Extension                                                                    XX__Composition

**You should read this plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (herein after called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor(s) submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or the future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor(s) will pay the sum of **$472.34** per month to the Trustee by (x) Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other then long-term claims, are paid in full in a shorter period of time. The term of this Plan will not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325 (b)(1)(B) and 1325 (b)(4). Each pre-confirmation plan payment will be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

 The following alternative provision will apply if selected:

 ____ IF MARKED, Plan payments will increase by $____on _____, 20___ upon completion of termination of _____.

3. **Claims Generally. The amount listed for claims in the Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

  (A). **Trustees' Fees.** Trustee will receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

  (B). . **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$3500.00**. The base fee included, but is not limited to, all anticipated services identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. The amount of **$1000.0.0** was paid prior to the filing of the case. The balance of the fee shall be disbursed by Trustee as follows: (a) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$2500.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to **$200.00** per month until the fees are paid in full; (b) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed **$2500.00**, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments if applicable.

 Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with paragraph (B)(a), above. If the base fee has been paid in full, the fee shall be paid up to **$** 125.00 per month, and the distributions to creditors shall be reduced, *pro rata*, by that amount until the additional fee is paid in full.

5. **Priority Claims.**

  (A). **Domestic Support Obligations.**

  \_\_\_ None. If none, skip to Plan paragraph 5(B)
 (I). Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim.

 (ii). The name(s) and the address(es) of the holder of any domestic support obligations are as follows. *See* 11 U.S.C. § 101(14A)

 (iii). Anticipated Domestic Support Obligation Arrearage Claims

  (A). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. §507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property and arrearage claims secured by real property.

| (A)<br>Creditor<br>(Name and Address) | (B)<br>Estimated arrearage claim | (C)<br>Projected monthly arrearage payment |
|---|---|---|
| Paige Martin<br>P O Box 1123<br>East Ellijay GA 30539 | No arrearage | $ |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

_X__None, or Claimant and proposed treatment:

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (A)<br>Creditor | (B)<br>Estimated claim |
|---|---|
|  |  |
|  |  |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property which Debtor Intends to Retain**.

(I) **Pre-confirmation adequate protection payments.** No later than thirty days after the date of the filing of this plan or the order of relief, whichever is earlier, the Debtor will make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor will have an administrative lien on such payment(s), subject to an objection. If the Debtor elects to make such adequate protection payments directly to the creditor, Debtor will provide evidence of such payment(s) to the Trustee, including the amount and date of payment(s).

Debtor will make the following adequate protection payment(s):

___ directly to the creditor, or

__XX to the trustee pending the confirmation of the plan.

| (A) Creditor | (B) Collateral | (C) Adequate protection payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property will be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set for in subparagraphs (.c)

(a). **Claims to which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of the filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of the filing. *See* § 1325 (a)(5). After confirmation of the plan the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (F) based upon the amount of the claim in column (D) with the interest at the rate stated in column (E). Upon the confirmation of the plan, the interest rate below or as modified will be binding unless a timely written objection to the confirmation is filled and sustained by the Court. Payments distribute by the Trustee are subject to the availability of funds.

     __XX__   None, or

| (A) Creditor | (B) Collateral | (C) Purchase date | (D) Claim amount | (E) Interest rate | (F) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(b). **Claims to which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment if column (F) based upon the replacement value as stated in column (D) of the amount of the claim, whichever is less, with interest

the date stated in column (E), the portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, valuation and interest rate shown below or as modified will be binding unless a timely written objection to the confirmation is filed and sustained by the Court. Payments distribute by the Trustee are subject to the availability of funds.

| (A) Creditor | (B) Collateral | (C) Purchase date | (D) Value of Collateral | (E) Interest rate | (F) Monthly payment |
|---|---|---|---|---|---|
| | | | $ | | $ |
| | | | | | $ |
| | | | | | |

(C). Other provisions:

(B). **Claims Secured by Real Property which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this plan provides otherwise. Trustee may pay each allowed arrearage claim monthly if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interested.

| (A) Creditor | (B) Property description | (C) Estimated pre-petition arrearage | (D) Projected monthly arrearage payment |
|---|---|---|---|
| Bank of America | Residence: 2688 Chestnut Gap Road Blue Ridge, GA 30513 | $3500.00 | $190.00 |
| | | | |
| | | | |
| | | | |

(C) **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty(30) days from the filing of the petition unless specified otherwise in the plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to the conformation of this plan must be obtained by and filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for the surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein in intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (A) Creditor | (B) Collateral to be surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

7. **Unsecured Claims.** Debtor estimates the total of general unsecured debt not separately classified in Plan Paragraph 10 is $<u>41714.18 (claims filed)</u> After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims to a pro rata share of $<u> 23994.50 </u> or **55**%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this plan.

8. **Executory Contracts and Unexpired Leases.** The following contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by the Debtor(s), not through the Trustee, as set forth below in column (C).

 Debtor(s) proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (D) at the same time that payments are made to the secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

 ___None, or

| (A) Creditor | (B) Nature of Lease(s) or executory contract | (C) Payment to be paid directly by debtor | (D) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Property of the Estate will not vest on the Debtor(s) until the earlier of Debtor(s)'s discharge or dismissal of this case, unless the court orders otherwise.

10.**Other Provisions**

    **(A). Special classes of unsecured claims:**

    **(B). Other direct payments to creditors:**

    **(C). Creditors holding  judgements:**

    **(D) Other provisions:**


    Any Federal tax refunds the Debtor is entitled to receive for calendar years ending 2008, 2009, and 2010 shall be paid into the Debtor's Chapter 13 case.  Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee.

Date: 02/11/09

                                              */s/Peter Martin, Jr.*
                                              Peter Martin, Jr.


                                              */s/*_____


*/s/ William C. McCurdy, Jr.*
William C. McCurdy, Jr.
GA Bar No. 487416
Attorney for Debtor
12 North Main Street
Jasper GA 30143
(706)253-7701